**FILED**

OCT 1 9 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# U.S. DISTRICT COURT, DISTRICT OF COLUMBIA

No._____

| PLAINTIFF | |
|---|---|
| T. CARLTON RICHARDSON | 1505 Pennsylvania Avenue, SE<br>Washington, DC  20003-3117<br>202/546-3505 |
| **DEFENDANT** | |
| CAPITAL ONE, N.A. d/b/a CAPTIAL ONE BANK, N.A. | 7933 Preston Road<br>Plano, TX 75024 |

## COMPLAINT
### (VERIFIED WITH JURY DEMAN

Case: 1:11-cv-01840
Assigned To : Boasberg, James E.
Assign. Date : 10/19/2011
Description: Pro Se Gen. Civil

### I. NATURE OF ACTION

1. This complaint states an action for refund of the excess interest paid during the term of a loan that was paid off and an unnecessary monthly payment made on the loan that was secured by real estate in the District of Columbia in violation of Federal and D.C. consumer protection laws governing loan transactions and  in breach of the loan agreement between the parties.

### II. PARTIES

**A. PLAINTIFF**

2. That the plaintiff, **T. Carlton Richardson ("Richardson")**, is a citizen of the United States who resides in  District of Columbia and is the borrower and owner of 1505 Pennsylvania Avenue, SE, Washington, DC (hereafter "Penn. Ave. property") that secured the loan from the corporate defendant.

- 1 -

**B.  DEFENDANT**

3. That the defendant is **Capital One, N.A. d/b/a Capital One Bank ("Bank")**, a bank and the institution that loaned the plaintiff money secured by the Penn. Ave. property.

### III.  JURISDICTIONAL STATEMENT

4. The jurisdiction of the district court lies variously in the following provisions of the United States Code, *viz*: §28:1331 (federal question), and 28:2202 (declaratory judgments).

### IV.  CLAIMS

5. Richardson states a claim under U.S.C. §15:1615 that prohibits the use of a method of amortizing a loan known as the "Rule of 78s" in connection with mortgages and other consumer loans.

6. Richardson also states a claim under D.C. Code §28-3905 (k)(1) (2001 ed.) that authorizes civil actions that violate certain commercial transactions prohibited under the D.C. Consumer Protection Act.

7. Richardson also states a claim under the loan agreement between the parties that does not authorize the collection of excessive interest beyond the principal balance of the loan originally or the declining balance of the loan until paid-off or retention of monthly payments made after the loan is paid off.

### V.  FACTUAL BACKGROUND

8. That in September 2003 Capital One Bank, successor in interest to Chevy Chase Bank, loaned Richardson $137,000 (One Hundred Thirty-Seven Thousand Dollars) at the interest rate of 5.625% (five point six two five percent) for a term of 30 (thirty) years payable in monthly

principal and interest amounts of $788.65 (Seven Hundred Eighty-Eight and 65/100 Dollars), all due and payable in August 2033.

9.  That the loan consisted of a total of 360 (three hundred and sixty) payments totaling $283,913.74 (Two Hundred Eighty-Three Thousand, Nine Hundred Thirteen and 74/100 Dollars), of which $146,913.74 (One Hundred Forty-Six Thousand and Nine Hundred Thirteen and 74/100 Dollars) is interest. That the loan was amortized using the Rule of 78s.

10.  That the loan's terms are summarized as follows:

| Loan amount:<br>**$137,000** | Interest rate:<br>**5.625** | Loan term:<br>**30 yrs.** | Start date:<br>**9/2003** |
|---|---|---|---|
| Monthly Prin. & Int.<br>**$788.65** | Total of 360 Payments<br>**$283,913.74** | Total Int. Payable<br>**$146,913.74** | Pay-off Date<br>**Aug. 2033** |

11.  That on September 9, 2011, Richardson's loan was paid off through a refinancing (or new loan) by Capital One Bank at a lower interest rate.  At the time of the refinancing, Richardson owed an unpaid principal balance of $119,294.38 (One Hundred Nineteen Thousand, Two Hundred Ninety-Four and 38/100 Dollars).

12.  That on October 3, 2011, Richardson sent a Memorandum (incorrectly dated "*September* 3, 2011") to Capital Bank requesting a refund of excess interest paid on the loan and an unnecessary monthly payment with two attachments: (1) excerpts from U.S.C. §15:1615 that outlaws use of the Rule of 78s; and (2) a table of pre-paid interest on the loan.

13.  The amount due to be refunded was stated in the  Memorandum (10/03/2011) as follows:

- 3 -

| | | |
|---|---|---|
| 1. | **Excess interest paid for period of loan (*rounded*)**............................. | **$ 21,191.00** |
| 2. | Interest on the excess interest paid compounded monthly (*rounded*) during period of loan...................................................................... | 2,535.00 |
| 3. | Refund of automatic monthly payment made 09/05/2011 since loan closed on 09/09/2011 and included the period covered by loan payment............... | 789.00 |
| 4. | *Net* amount to be refunded as of 09/09/2011 is.................................... | **$ 24,515.00** |
| 5. | Interest on net refund at 5.625% per day for period 09/10/2011 to 10/03/2011 at $3.78 per day for 23 days (*rounded*)............................... | 87.00 |
| 6. | **Current balance due as of 10/03/2011.............................................** | **$ 24,602.00** |

14. That the written Memorandum was sent by email, U.S. Postal Service, and by fax. A call was made by Richardson to Capital One Bank's agents requesting a response to the Memorandum on or about October 11, 2011. To date (October 18, 2011), Capital One Bank has not responded although the Federal statute prohibiting use of the Rule of 78s requires a response with 5 (five) days of any form of notification by the consumer to the lender.

15. That collection of and the failure to refund pre-paid interest violates the consumer protection laws of the U.S. and the District of Columbia, as well as the terms of the loan agreement. Moreover, failure to refund an excess monthly payment made on the loan violates the terms of the loan agreement.

## VI.  CONCLUSION & RELIEF REQUESTED

### A.  JURY DEMAND

16. That a trial by jury of twelve (12) persons on all issues of fact is hereby demanded.

### B. DECLARATORY & INJUNCTIVE RELIEF

17. That the following declarations be made by the district court:  (a)  That there exists a justiciable controversy between the plaintiff and defendant;  (b) That judgment should be entered against the defendant, for violation of plaintiff's consumer protection right involved here (i.e. not

to have to pay excessive interest on a loan); and (c)  And for such further declarations as the court deems necessary and proper.

18.  That the following equitable and injunctive relief be granted:  Enjoin Capital One Bank from using the Rule of 78s to amortize any loan that the Bank had or has with Richardson, pass, present or future.

## C. COMPENSATORY & PUNITIVE DAMAGES

19. Award plaintiff  special, exemplary, or punitive damages and payment of  attorney's fees and litigation costs to the fullest extent allowed by law, in an amount of *at least* **$25,000 (Twenty-Five Thousand Dollars).**

20.  Award plaintiff treble damages as permitted under D.C. Code § 28-3905 (k)(1) (2001 ed.) in the amount of *at least* **$72,000 (Seventy-Two Thousand Dollars),** that is, three times the excess interest paid over the period of the loan plus interest compounded monthly on the excess interest paid estimated to be some $24,000 (Twenty-Four Thousand Dollars) as of October 3, 2011.

## VII. VERIFICATION & EXECUTION

21.   This certifies under penalty of law that the foregoing facts are true to the best of  the undersigned complainant's  (T. Carlton Richardson) knowledge, information and belief. Respectfully submitted on this  *19ᵗʰ* day of **October, 2011**.

**T. CARLTON RICHARDSON**
**Plaintiff** *Pro Se*
**1505 Pennsylvania Avenue, SE**
**Washington, DC  20003-3115**
**202/546-3505**

District of Columbia: SS
Subscribed and Sworn to before me
this *19⁴* day of *October* , *2011*

Notary Public, D.C.

My commission expires



DOROTHY L. CLANAGAN
Notary Public, District of Columbia
My Commission Expires March 01, 2015

5

## APPENDIX "A"
**Memorandum (10/03/2011) re Refund of Excess Interest *et al* with Attachments: (1) Excerpts of Federal Statute Prohibiting Use of Rule of 78's, U.S.C. §15:1615; and (2) Table of Excess Interest Paid on Mortgage**

| MEMORANDUM | |
|---|---|
| (September [*sic: October*] 3, 2011) | |
| FR: **T. CARLTON RICHARDSON** | TO:  **ZEENAT ALI; RAYNOLL** |
| Borrower | **HOLLAND**  Capitol One Bank, NA |
| RE: *Richardson/Capitol One Bank*— Request for Refund for Excessive Interest Paid on Mortgage Loan Secured by 1505 Pennsylvania Avenue, SE, Washington, DC | |

Dear Zeenat Ali and Raynoll Holland:

   *Upon receipt* please have Capital One Bank, NA arrange to refund me the excess interest paid on the loan secured by 1505 Pennsylvania Avenue, SE, Washington, DC 20003 which I paid-off on September 9, 2011. The amount due me is as follows:

| 1. | **Excess interest paid for period of loan (*rounded*)**............................... | **$ 21,191.00** |
|---|---|---|
| 2. | Interest on the excess interest paid compounded monthly (*rounded*) during period of loan............................................................................... | 2,535.00 |
| 3. | Refund of automatic monthly payment made 09/05/2011 since loan closed on 09/09/2011 and included the period covered by loan payment............... | 789.00 |
| 4. | *Net* amount to be refunded as of 09/09/2011 is.................................... | **$ 24,515.00** |
| 5. | Interest on net refund at 5.625% per day for period 09/10/2011 to 10/03/2011 at $3.78 per day for 23 days (*rounded*)............................... | 87.00 |
| 6. | **Current balance due as of 10/03/2011**............................................ | **$ 24,602.00** |
| *Note:* Please add $3.78 per day until remittance amount is *received* by the borrower (i.e., include 3-5 days *additional* interest for mailing). If funds will  be transferred electronically, contact the borrower for instructions re bank account for depositing (this, of course, saves the additional interest for mailing). Thanks. | | |

The reason for the interest refund is simple: the loan was amortized based upon the "Rule of 78s". In 1992, the U.S. Congress outlawed the use of the "Rule of 78s" (U.S.C. §15:1615, excerpted below) in financial transactions. For your information I have provided a statement of the amortized loan showing the interest overpaid (see attached).

Your immediate and prompt attention is greatly appreciated.  This is your first and last notice.

Kind personal regards.

*Attachment:* Table of Pre-Paid Interest on Mortgage

---

**Excerpts of Federal Statute Prohibiting Use of Rule of 78's**

---

*U.S.C. §15:1615.* Prohibition on use of "Rule of 78's" in connection with mortgage refinancings and other consumer loans

**(a) Prompt refund of unearned interest required**

**(1) In general**

If a consumer prepays in full the financed amount under any consumer credit transaction, the creditor shall promptly refund any unearned portion of the interest charge to the consumer.

**(2) Exception for refund of *de minimus* 1 amount**

No refund shall be required under paragraph (1) with respect to the prepayment of any consumer credit transaction if the total amount of the refund would be less than $1.

**(3) Applicability to refinanced transactions and acceleration by the creditor**

This subsection shall apply with respect to any prepayment of a consumer credit transaction described in paragraph (1) without regard to the manner or the reason for the prepayment, including—

**(A)** any prepayment made in connection with the refinancing, consolidation, or restructuring of the transaction; and

**(B)** any prepayment made as a result of the acceleration of the obligation to repay the amount due with respect to the transaction.

**(b) Use of "Rule of 78's" prohibited**

For the purpose of calculating any refund of interest required under subsection (a) of this section for any precomputed consumer credit transaction of a term exceeding 61 months which is consummated after September 30, 1993, the creditor shall compute the refund based on a method which is at least as favorable to the consumer as the actuarial method.

**(c) Statement of prepayment amount**

**(1) In general**

Before the end of the 5-day period beginning on the date an oral or written request is received by a creditor from a consumer for the disclosure of the amount due on any precomputed consumer credit account, the creditor or assignee shall provide the consumer with a statement of—

**(A)** the amount necessary to prepay the account in full; and

**(B)** if the amount disclosed pursuant to subparagraph (A) includes an amount which is required to be refunded under this section with respect to such prepayment, the amount of such refund.

**(2) Written statement required if request is in writing**

If the customer's request is in writing, the statement under paragraph (1) shall be in writing. ***

## TABLE OF EXCESS INTEREST PAID ON MORTGAGE
### Borrower: T. Carlton Richardson ● Lender: Capitol One Bank
### *Summary of Loan Terms:*

| Loan amount: $137,000 | Interest rate: 5.625 | Loan term: 30 yrs. | Start date: 9/2003 |
|---|---|---|---|
| **$788.65** Monthly Principal & Interest | **$283,913.74** Total of 360 Payments | **$146,913.74** Total Interest Payable | **Aug, 2033** Pay-off Date |

| Payment | Amount | Principal | Interest ($408.09[1]) | Balance ($137,000.00[2]) | Interest on new Principal Balance | Excess Interest Paid |
|---|---|---|---|---|---|---|
| 1 | $788.65 | $146.46 | $642.19 | $136,853.54 | 407.65 | 234.54 |
| 2 | $788.65 | $147.15 | $641.50 | $136,706.39 | 407.22 | 234.28 |
| 3 | $788.65 | $147.84 | $640.81 | $136,558.55 | 406.78 | 234.03 |
| 4 | $788.65 | $148.53 | $640.12 | $136,410.02 | 406.33 | 233.79 |
| 5 | $788.65 | $149.23 | $639.42 | $136,260.79 | 405.89 | 233.53 |
| 6 | $788.65 | $149.93 | $638.72 | $136,110.87 | 405.44 | 233.28 |
| 7 | $788.65 | $150.63 | $638.02 | $135,960.24 | 404.99 | 233.03 |
| 8 | $788.65 | $151.34 | $637.31 | $135,808.90 | 404.54 | 232.77 |
| 9 | $788.65 | $152.05 | $636.60 | $135,656.86 | 404.09 | 232.51 |
| 10 | $788.65 | $152.76 | $635.89 | $135,504.10 | 403.63 | 232.26 |
| 11 | $788.65 | $153.47 | $635.18 | $135,350.62 | 403.17 | 232.01 |
| 12 | $788.65 | $154.19 | $634.46 | $135,196.43 | 402.72 | 231.74 |
| PT[3] | | | 7,660.22 | | 4,862.45 | 2,797.77 |
| YTD[4] | | | 7,660.22 | | 4,862.45 | 2,797.77 |
| 13 | $788.65 | $154.92 | $633.73 | $135,041.52 | 402.26 | 231.47 |
| 14 | $788.65 | $155.64 | $633.01 | $134,885.87 | 401.81 | 231.20 |
| 15 | $788.65 | $156.37 | $632.28 | $134,729.50 | 401.35 | 230.93 |
| 16 | $788.65 | $157.10 | $631.54 | $134,572.40 | 400.88 | 230.66 |
| 17 | $788.65 | $157.84 | $630.81 | $134,414.56 | 400.42 | 230.39 |
| 18 | $788.65 | $158.58 | $630.07 | $134,255.97 | 399.95 | 230.12 |
| 19 | $788.65 | $159.32 | $629.32 | $134,096.65 | 399.47 | 229.85 |

---

[1] Interest due per month on original principal balance of mortgage if there is no monthly principal curtailment under the amortization schedule under Rule of 78s.
[2] Original balance of principal on mortgage.
[3] Period Total (12 mons.)
[4] Year To Date

| | | | | | | |
|---|---|---|---|---|---|---|
| 20 | $788.65 | $160.07 | $628.58 | $133,936.58 | 399.01 | 229.57 |
| 21 | $788.65 | $160.82 | $627.83 | $133,775.76 | 398.53 | 229.30 |
| 22 | $788.65 | $161.58 | $627.07 | $133,614.18 | 398.04 | 229.03 |
| 23 | $788.65 | $162.33 | $626.32 | $133,451.85 | 397.57 | 228.75 |
| 24 | $788.65 | $163.09 | $625.56 | $133,288.76 | 397.08 | 228.48 |
| PT | | | 7,556.12 | | 4,796.37 | 2,759.75 |
| YTD | | | 15,216.34 | | 9,658.82 | 5,557.52 |
| 25 | $788.65 | $163.86 | $624.79 | $133,124.90 | 396.60 | 228.19 |
| 26 | $788.65 | $164.63 | $624.02 | $132,960.27 | 396.11 | 227.91 |
| 27 | $788.65 | $165.40 | $623.25 | $132,794.87 | 395.62 | 227.63 |
| 28 | $788.65 | $166.17 | $622.48 | $132,628.70 | 395.13 | 227.35 |
| 29 | $788.65 | $166.95 | $621.70 | $132,461.75 | 394.63 | 227.07 |
| 30 | $788.65 | $167.73 | $620.91 | $132,294.01 | 394.13 | 226.78 |
| 31 | $788.65 | $168.52 | $620.13 | $132,125.49 | 393.64 | 226.49 |
| 32 | $788.65 | $169.31 | $619.34 | $131,956.18 | 393.14 | 226.20 |
| 33 | $788.65 | $170.10 | $618.54 | $131,786.08 | 392.63 | 225.91 |
| 34 | $788.65 | $170.90 | $617.75 | $131,615.17 | 392.13 | 225.62 |
| 35 | $788.65 | $171.70 | $616.95 | $131,443.47 | 391.62 | 225.33 |
| 36 | $788.65 | $172.51 | $616.14 | $131,270.96 | 391.11 | 225.03 |
| PT | | | 7,446.00 | | 4,726.49 | 2,719.51 |
| YTD | | | 22,662.34 | | 14,385.31 | 8,277.03 |
| 37 | $788.65 | $173.32 | $615.33 | $131,097.65 | 390.59 | 224.74 |
| 38 | $788.65 | $174.13 | $614.52 | $130,923.52 | 390.08 | 224.44 |
| 39 | $788.65 | $174.95 | $613.70 | $130,748.57 | 389.56 | 224.14 |
| 40 | $788.65 | $175.77 | $612.88 | $130,572.81 | 389.04 | 223.84 |
| 41 | $788.65 | $176.59 | $612.06 | $130,396.22 | 388.51 | 223.55 |
| 42 | $788.65 | $177.42 | $611.23 | $130,218.80 | 387.99 | 223.24 |
| 43 | $788.65 | $178.25 | $610.40 | $130,040.55 | 387.46 | 222.94 |
| 44 | $788.65 | $179.08 | $609.57 | $129,861.47 | 386.93 | 222.64 |
| 45 | $788.65 | $179.92 | $608.73 | $129,681.54 | 386.40 | 222.33 |
| 46 | $788.65 | $180.77 | $607.88 | $129,500.78 | 385.86 | 222.02 |
| 47 | $788.65 | $181.61 | $607.03 | $129,319.16 | 385.32 | 221.71 |
| 48 | $788.65 | $182.47 | $606.18 | $129,136.70 | 384.78 | 221.40 |
| PT | | | 7,329.51 | | 4,652.52 | 2,676.99 |
| YTD | | | 29,991.85 | | 19,037.83 | 10,954.02 |
| 49 | $788.65 | $183.32 | $605.33 | $128,953.38 | 384.12 | 221.21 |
| 50 | $788.65 | $184.18 | $604.47 | $128,769.20 | 383.57 | 220.90 |

| | | | | | |
|---|---|---|---|---|---|
| 51 | $788.65 | $185.04 | $603.61 | $128,584.15 | 383.02 | 220.59 |
| 52 | $788.65 | $185.91 | $602.74 | $128,398.24 | 382.47 | 220.27 |
| 53 | $788.65 | $186.78 | $601.87 | $128,211.46 | 381.93 | 219.94 |
| 54 | $788.65 | $187.66 | $600.99 | $128,023.80 | 381.36 | 219.63 |
| 55 | $788.65 | $188.54 | $600.11 | $127,835.26 | 380.81 | 219.30 |
| 56 | $788.65 | $189.42 | $599.23 | $127,645.84 | 380.25 | 218.98 |
| 57 | $788.65 | $190.31 | $598.34 | $127,455.53 | 379.68 | 218.66 |
| 58 | $788.65 | $191.20 | $597.45 | $127,264.33 | 379.12 | 218.33 |
| 59 | $788.65 | $192.10 | $596.55 | $127,072.23 | 378.63 | 217.92 |
| 60 | $788.65 | $193.00 | $595.65 | $126,879.23 | 377.98 | 217.67 |
| PT | | | 7,206.34 | | 4,572.94 | 2,633.40 |
| YTD | | | 37,198.19 | | 23,610.77 | 13,587.42 |
| 61 | $788.65 | $193.90 | $594.75 | $126,685.33 | 377.41 | 217.34 |
| 62 | $788.65 | $194.81 | $593.84 | $126,490.52 | 376.83 | 217.01 |
| 63 | $788.65 | $195.72 | $592.92 | $126,294.79 | 376.24 | 216.68 |
| 64 | $788.65 | $196.64 | $592.01 | $126,098.15 | 375.67 | 216.34 |
| 65 | $788.65 | $197.56 | $591.09 | $125,900.59 | 375.08 | 216.01 |
| 66 | $788.65 | $198.49 | $590.16 | $125,702.10 | 374.49 | 215.67 |
| 67 | $788.65 | $199.42 | $589.23 | $125,502.68 | 373.90 | 215.33 |
| 68 | $788.65 | $200.36 | $588.29 | $125,302.32 | 373.31 | 214.98 |
| 69 | $788.65 | $201.29 | $587.35 | $125,101.03 | 372.71 | 214.64 |
| 70 | $788.65 | $202.24 | $586.41 | $124,898.79 | 372.11 | 214.30 |
| 71 | $788.65 | $203.19 | $585.46 | $124,695.60 | 371.51 | 213.95 |
| 72 | $788.65 | $204.14 | $584.51 | $124,491.46 | 370.91 | 213.60 |
| PT | | | 7,076.02 | | 4,490.17 | 2,585.85 |
| YTD | | | 44,274.21 | | 28,100.94 | 16,173.27 |
| 73 | $788.65 | $205.10 | $583.55 | $124,286.37 | 370.30 | 213.25 |
| 74 | $788.65 | $206.06 | $582.59 | $124,080.31 | 369.69 | 212.90 |
| 75 | $788.65 | $207.02 | $581.63 | $123,873.29 | 369.08 | 212.55 |
| 76 | $788.65 | $207.99 | $580.66 | $123,665.30 | 368.47 | 212.19 |
| 77 | $788.65 | $208.97 | $579.68 | $123,456.33 | 367.84 | 211.84 |
| 78 | $788.65 | $209.95 | $578.70 | $123,246.38 | 367.22 | 211.48 |
| 79 | $788.65 | $210.93 | $577.72 | $123,035.45 | 366.60 | 211.12 |
| 80 | $788.65 | $211.92 | $576.73 | $122,823.53 | 365.97 | 210.76 |
| 81 | $788.65 | $212.91 | $575.74 | $122,610.61 | 365.34 | 210.40 |
| 82 | $788.65 | $213.91 | $574.74 | $122,396.70 | 364.71 | 210.03 |
| 83 | $788.65 | $214.91 | $573.73 | $122,181.79 | 364.07 | 209.66 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 84 | $788.65 | $215.92 | $572.73 | $121,965.86 | 363.43 | 209.30 |
| PT | | | 6,938.20 | | 4,402.72 | 2,535.48 |
| YTD | | | 51,212.41 | | 32,503.66 | 18,708.75 |
| 85 | $788.65 | $216.93 | $571.71 | $121,748.93 | 362.78 | 208.93 |
| 86 | $788.65 | $217.95 | $570.70 | $121,530.98 | 362.14 | 208.56 |
| 87 | $788.65 | $218.97 | $569.68 | $121,312.01 | 361.50 | 208.18 |
| 88 | $788.65 | $220.00 | $568.65 | $121,092.01 | 360.84 | 207.81 |
| 89 | $788.65 | $221.03 | $567.62 | $120,870.98 | 360.19 | 207.43 |
| 90 | $788.65 | $222.07 | $566.58 | $120,648.91 | 359.53 | 207.05 |
| 91 | $788.65 | $223.11 | $565.54 | $120,425.80 | 358.87 | 206.67 |
| 92 | $788.65 | $224.15 | $564.50 | $120,201.65 | 358.21 | 206.29 |
| 93 | $788.65 | $225.20 | $563.45 | $119,976.44 | 357.54 | 205.91 |
| 94 | $788.65 | $226.26 | $562.39 | $119,750.18 | 356.87 | 205.52 |
| 95 | $788.65 | $227.32 | $561.33 | $119,522.86 | 356.20 | 205.13 |
| 96 | $788.65 | $228.39 | $560.26 | $119,294.42[5] | 355.52 | 204.74 |
| PT | | | 6,792.41 | | 4,310.19 | 2,482.22 |
| GRAND TOTAL | 75,710.40 | 17,705.58[6] | 58,004.82 | $119,294.42 | 36,813.85 | 21,190.97 |

---

[5] Bank reported balance of $119,294.38 at time of refinancing, which was 4 cents less than shown here.
[6] Reduction in mortgage (137,000 − 119,294.42 = 17,705.58).