UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON,<br><br>    Plaintiff,<br><br>        v.<br><br>CAPITAL ONE, N.A., D/B/A CAPITAL ONE BANK, N.A.,<br><br>    Defendant. | Civil Action No. 11-1840 (JEB) |

### MEMORANDUM OPINION

Plaintiff T. Carlton Richardson took out a 30-year home-mortgage loan in 2003 from a predecessor to Defendant Capital One Bank. After eight years, he paid off the loan in full by refinancing. He then brought this *pro se* action alleging that the Bank had violated 15 U.S.C. § 1615 by using a method of calculating interest called the Rule of 78s and, in so doing, failed to refund Richardson excess interest he was properly owed when he refinanced. Defendant now brings the instant Motion to Dismiss, arguing that Plaintiff has not sufficiently pled any violation of federal law. Because the Court agrees, it will dismiss Plaintiff's federal claim. Having done so, the Court will also decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, which he may refile in the appropriate state court.

### I.      Background

According to the Complaint, which the Court must presume true for purposes of this Motion, Richardson took out a $137,000 mortgage loan in September 2003 from B. F. Saul Mortgage Co., predecessor in interest to Capital One. Compl., ¶ 8. The loan was payable over a thirty-year period at an interest rate of 5.625%. Id. To pay off the principal and interest in full

1

by the end of the loan's term, Richardson was required to make monthly payments of $788.65. Id., ¶¶ 9-10. He alleges that the loan was amortized using the Rule of 78s. Id., ¶ 9.

Richardson refinanced his mortgage on September 9, 2011, repaying the loan in full by taking out a new loan from Capital One at a lower interest rate. Id., ¶ 11. Then, on October 3, he sent Capital One a written request for a refund in the amount of $24,602: $21,191 for excess interest paid, $789 for an unnecessary monthly payment, and the remainder for interest on Richardson's overpayments. Id., ¶ 13. Plaintiff included with his request excerpts from 15 U.S.C. § 1615, which prohibits use of the Rule of 78s "for the purpose of calculating any refund of interest" when "a consumer prepays in full the financed amount under any consumer credit transaction." 15 U.S.C. §§ 1615(a)-(b); Compl., ¶ 12. As of October 18, 2011, the day before this action was filed, Capital One had not responded to Richardson's request. Compl., ¶ 12.

In bringing this action, Richardson contends that the Bank's use of the Rule of 78s in amortizing his loan and its retention of excess payments violated 15 U.S.C. § 1615, D.C. Code § 28-3905(k)(1), and the parties' loan agreement. Id., ¶¶ 5-7. In addition to declaratory and injunctive relief, Plaintiff seeks a minimum of $72,000 in treble damages and $25,000 in punitive damages. Id., ¶¶ 17-20. Capital One has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Def. Mot. at 6, 8, and Plaintiff has subsequently cross-moved for Summary Judgment.

## II.     Legal Standard

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal

citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although the notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

As the Court does not consider Plaintiff's Motion, it need not set out the standard for motions for summary judgment under Fed. R. Civ. P. 56.

**III.   Analysis**

    A.  <u>Section 1615 and the Rule of 78s</u>

When a consumer prepays a loan in full, the creditor must, as a general matter, promptly refund any unearned interest to the debtor.  <u>See</u> 15 U.S.C. § 1615(a)(1).  This requirement applies even when the "prepayment [is] made in connection with the refinancing, consolidation, or restructuring of the transaction."  <u>Id.</u>, § 1615(a)(3)(A).  Section 1615(b), entitled "Use of 'Rule of 78's' prohibited," obligates a lender to calculate the amount of the refund using "a method which is at least as favorable to the consumer as the actuarial method."

The Rule of 78s, also known as the sum-of-the-digits or direct-ratio method, is "a shorthand means of determining the interest earned at any point in the term of a credit purchase." <u>Wiskup v. Liberty Buick Co., Inc.</u>, 953 F. Supp. 958, 968 (N.D. Ill. 1997).  It uses a mathematical formula to calculate unearned finance charges "on a loan in which finance charges have been precomputed."  <u>Kedziora v. Citicorp Nat. Services, Inc.</u>, 780 F. Supp. 516, 523 (N.D. Ill. 1991).  To determine the amount of unearned interest at a given point in a loan's term, the formula multiplies the total agreed-upon interest by a fraction in which the numerator is "the sum of the series of integers between 1 and the number of payments yet to be made" and the denominator is "the sum of a series of integers between 1 and the number of payments originally contracted for."  <u>Id.</u>  Represented as an equation, the Rule of 78s is:

$$u = f * [k(k+1)/n(n+1)]$$

where "u" equals the unearned interest, "f" equals the total interest owed over the loan's full term, "k" equals the number of months remaining in the loan's term when it is prepaid, and "n" equals the number of months in the loan's full term.  <u>See</u> Def. Mot. at 9.

Figures calculated using the Rule of 78s are more easily computed but less precise than the actuarial method, "which uses a series of computations to determine the interest due for each

payment period." Wiskup, 953 F. Supp. at 968 (citing Gantt v. Commonwealth Loan Co., 573 F.2d 520, 524 n.3 (8th Cir. 1978)); see also Bone v. Hibernia Bank, 493 F.2d 135, 137 (9th Cir. 1974) (actuarial method produces "'true' interest yields" but requires "more difficult computations" than Rule of 78s). While the Rule of 78s and the actuarial method yield similar results for short-term loans and loans with a low annual percentage rate, the two methods can produce substantially different calculations for long-term loans and loans with high annual interest rates. Wiskup, 953 F. Supp. at 968. To the extent that the figures from the two methods differ, the Rule of 78s is more favorable to the creditor. Id.; see also Gantt, 573 F.2d at 525 (Rule of 78s "allocates a greater portion of the finance charge to the creditor in the earlier part of the period than does the actuarial method").

      Capital One first contends that Plaintiff has failed to state a claim because his Complaint alleges use of the Rule of 78s in amortizing the loan at the time of origination, while 15 U.S.C. § 1615(b) only prohibits employing the Rule to calculate refunds of unearned interest after a loan has been paid in full. Def. Mot. at 7-8. The Court agrees. It is clear from the plain language of the statute that § 1615(b) makes it unlawful to use the Rule of 78s "for the purpose of calculating any refund of interest required under subsection (a)." Since subsection (a) requires refunds only when "a consumer prepays in full the financed amount," § 1615's prohibition on the Rule of 78s applies exclusively to interest calculations after the loan has been satisfied. The Complaint does not state that Capital One ever calculated a refund, let alone indicate what method it used in doing so. It alleges, rather, that Richardson's "loan was amortized using the Rule of 78s." Compl., ¶ 9. As amortization, by definition, occurs before the loan is paid off, using the Rule of 78s for that purpose would not violate § 1615(b). See Wiskup, 953 F. Supp. at 968 (Rule of 78s is formula for determining amount of interest earned at given point in time during loan's term).

5

Even if Plaintiff had pled that Capital One calculated a refund of unearned interest using the Rule of 78s, such a claim could not survive this Motion because it is demonstrably incorrect. Plaintiff refinanced his mortgage after 96 months of payment. Compl., Appx. A at 11. Applying the equation of the Rule of 78s and subtracting the resulting unearned interest from the total interest means that the Bank would have earned $67,827.18 in interest on Richardson's loan by that time. See Def. Mot. at 9. (Defendant's calculation is correct, even though the term "265" in its equation on page 5 should be "264.") According to the Complaint, however, the bank had only charged $58,004.82 in interest when Richardson refinanced his mortgage. Compl., Appx. A at 11. Since Capital One does not dispute this figure for purposes of this argument, the math demonstrates that it did not employ the Rule of 78s to calculate unearned (and, correspondingly, earned) interest at the time of refinancing. See Def. Mot. at 9. In addition, the Bank does not contest Richardson's allegation that the remaining principal on the loan when it was refinanced was $119,294.38, which is significantly less than the outstanding principal of $129,116.78 that the Rule of 78s yields. Compl., ¶ 11; Def. Mot. at 9-10; Def. Reply & Opp. at 4. If the Bank had applied the Rule of 78s, it would have generated significantly different figures from the ones alleged in Plaintiff's Complaint. The calculations thus demonstrate that the Bank did not use the Rule of 78s.

Finally, Plaintiff himself appears to abandon his Rule of 78s claim in his Motion for Summary Judgment and Reply pleadings. His Motion makes no mention of the Rule except for a brief reference to it in his conclusion, and his Reply discusses the Rule only in generic terms. More importantly, Plaintiff admits in his Motion that the actuarial method was used to calculate the loan's terms, contradicting his own allegation that the loan was amortized using the Rule of 78s. See Pl. Mot. & Opp. at 4. As such, Plaintiff has effectively conceded his § 1615 claim.

B.  <u>Earned Interest Calculation Based on Loan's Term</u>

Forgoing his argument on the Rule of 78s, Plaintiff instead appears to contend in his pleadings that the Bank should have recalculated its earned interest based on an 8-year term, which is what the loan ended up being because of refinancing. Pl. Mot. & Opp. at 5. As the total interest charge on an 8-year loan is significantly less than the total interest charge on the first 8 years of a 30-year loan, Plaintiff contends the Bank is required to refund the difference. <u>Id.</u> There are several problems with such an argument.

First, the Court is not sure what federal claim this represents, as it does not appear to relate to § 1615. Second, even if it were connected, this represents a fundamental shift in Plaintiff's argument. Indeed, the figures in Plaintiff's Complaint do not correspond to those in his Motion. Rather than claiming that he overpaid by $24,602 ($23,813 of which was interest), as he did in his Complaint, Plaintiff argues in his Motion that he paid $25,376 in excess interest. <u>Compare</u> Compl., ¶ 13 <u>with</u> Pl. Mot. & Opp. at 5. As best the Court can discern, Plaintiff arrived at this new number by calculating the interest he would have paid had his loan been for an 8-year term and subtracting it from the total interest he paid in the first 8 years of his 30-year loan. <u>See</u> Pl. Mot. & Opp. at 4-5. A publicly available mortgage calculator shows that an 8-year loan in the amount of $137,000 at an interest rate of 5.625% would require $33,445 (rounded) in interest payments over the course of the loan, the same amount Plaintiff contends he properly owed in interest. <u>See</u> Mortgage Calculator, <u>available at</u> http://www.bankrate.com/calculators/mortgages/mortgage-calculator.aspx) (last visited Mar. 14, 2012); <u>see also</u> Pl. Mot. & Opp. at 5. Subtracting this figure from the total interest he claims he

had paid on his 30-year loan at the time of refinancing, Richardson concludes that he paid Capital One $25,376 in unearned interest.[1]  Pl. Mot. & Opp. at 5.

As Plaintiff is not permitted to advance a claim in his Motion and Opposition that was not alleged in his Complaint, the Court need not consider the merits of Plaintiff's argument.  See Coleman v. Pension Benefit Guar. Corp., 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (quoting Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d  992, 995 (8th Cir. 1989) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); Palmer v. GMAC Commercial Mortg., 628 F. Supp. 2d 186, 195 n.10 (D.D.C. 2009) (claim raised for first time in opposition to motion to dismiss is not part of lawsuit).

Third, even if this argument were properly before the Court, there is a fundamental problem with Richardson's position.  His argument relies on the incorrect assumption that Capital One was required "to recalculate the loan terms based upon the new payoff date (September 2011) and not the original payoff date (August 2033)."  Pl. Mot. & Opp. at 5. Plaintiff provides no support for his novel theory that he is entitled to pay the lower interest on an 8-year mortgage when he agreed to a loan with a 30-year term.  In fact, had he taken out an 8-year mortgage in the first place, his monthly payment would have been $1,775.46, approximately $1,000 more per month than he was required to pay on his 30-year loan.  See Mortgage Calculator, available at http://www.bankrate.com/calculators/mortgages/mortgage-calculator.aspx); Compl., ¶ 10.  Richardson wishes to receive the benefit of the lower monthly payment associated with the 30-year mortgage while at the same time paying the lower interest charge on an 8-year mortgage.  He cannot have his cake and eat it too.

---

[1] Richardson's Complaint and Motion for Summary Judgment give different figures for the total amount of interest Richardson paid on the loan ($58,004 (rounded) and $58,821 (rounded) respectively).  Compare Compl., Appx. A at 11 with Pl. Mot. & Opp. at 5.  Richardson uses the latter number in his Motion to calculate how much interest Capital One owed him upon refinancing.  See Pl. Mot. & Opp. at 5.

C.  Remaining State-Law Claims

In addition to asserting a federal claim under 15 U.S.C. § 1615, Plaintiff has alleged that Capital One violated the D.C. Consumer Protection Procedures Act and breached its contractual duties under the loan agreement. In fact, his principal argument in his Reply is that the loan agreement represents a contract of adhesion. See id. at 6-15. The district court has supplemental jurisdiction over these state-law claims because they arise from the same case or controversy as Plaintiff's federal claim, over which the court has original jurisdiction. See 28 U.S.C. § 1367(a). Where, as here, the Court dismisses the federal claim, it may nevertheless decline to exercise supplemental jurisdiction over the remaining claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (supplemental jurisdiction, otherwise known as pendent jurisdiction, is a "doctrine of discretion, not of plaintiff's right"), quoted in Shekoyan v. Sibley Intern., 409 F.3d 414, 423 (D.C. 2005); see also 28 U.S.C. § 1367(c)(3).

In deciding whether to exercise its jurisdiction over supplemental claims, federal courts should consider "judicial economy, convenience and fairness to litigants." Id. Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); see also Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C.Cir.1995) (finding the discretion set out in Carnegie–Mellon Univ. "unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990").

Here the factors weigh against retention of the case. Plaintiff's only federal claim is being dismissed. This case has not progressed in federal court past Defendant's initial Motion. Indeed, Defendant has not yet even filed its Answer, and the Court has developed familiarity

9

with neither the parties nor the issues presented.  Cf. Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370, 378 (D.C. Cir. 2010) (finding that district court appropriately retained pendent jurisdiction over state claims where it had "invested time and resources" in the case).  The Court can thus conceive of no undue inconvenience or unfairness to the litigants that would result from such a decision.  Finally, Plaintiff will not be prejudiced because 28 U.S.C. § 1367(d) provides for a tolling of the statute of limitations during the period the case was here and for at least 30 days thereafter.  See Shekoyan, 409 F.3d at 419 (affirming district court finding that because of this tolling, dismissal of pendent state claims "will not adversely impact plaintiff's ability to pursue his District of Columbia claims in the local court system.") (internal citation omitted).  The Court, therefore, will dismiss those claims without prejudice, allowing Plaintiff to pursue them, if he so wishes, in the appropriate local court.

### IV.     Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order this day dismissing Plaintiff's federal claim with prejudice and his state-law claims without prejudice and denying his Motion for Summary Judgment.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 16, 2012